IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–00773–KMT

ANTHONY L. GONZALEZ,

    Plaintiff,

v.

KING SOOPERS/KROGER INC. #76, and
RAYMOND DEENEY – SHERMAN HOWARD,

    Defendants.

## ORDER

This matter is before the court on "Defendants' Amended Motion to Dismiss for Failure to State a Claim" (Doc. No. 9 [Mot.], filed March 27, 2014). Plaintiff filed a response on April 3, 2014 (Doc. No. 10 [Resp]), and Defendants did not file a reply. The motion is ripe for ruling.

### BACKGROUND

Plaintiff filed his "Notice, Claim and Summons to Appear for Trial" in Small Claims Court in El Paso County, Colorado. (Doc. No. 4 [Compl.].) Defendants removed the case to this Court on March 14, 2014, pursuant to 28 U.S.C. § 1331. (*See* Doc. No. 1.)

### STATEMENT OF THE CASE

Plaintiff's complaint is not a model of clarity. Apparently after arbitration proceedings based on a claim for unlawful termination, Plaintiff was awarded eighty days of back pay for wages. (Compl. at 1.) It appears Plaintiff alleges the defendants have failed to pay the

arbitration award and seeks $2,665.60 from the defendants.  (*Id.*)  Defendants move to dismiss Plaintiff's Complaint on the grounds that it fails to state a claim for relief.  (*See* Mot.)

## STANDARD OF REVIEW

1. **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").  The plaintiff's *pro se* status does not entitle him to application of different rules.  *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

2. *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6)

(2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of

3

action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Iqbal*,129 S. Ct. at 1949 (citation omitted).

## ANALYSIS

### *1.     Pleading Requirements*

Defendants argue Plaintiff's complaint fails to state a claim as to Defendant Deeny because Plaintiff's allegations do not make reference to Defendant Deeney whatsoever.

Plaintiff's *pro se* status does not excuse him from complying with the fundamental requirements of the Federal Rules of Civil Procedure. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994). Federal Rule of Procedure 8(a) requires that a pleading set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." This requirement serves two purposes: it informs defendants of the claims asserted so that they may respond to the complaint, and it "appris[es] the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief." *Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989).

The court agrees that as to both defendants Plaintiff's complaint fails to meet even the minimal standards of notice pleading set out in Rule 8(a) because it fails to provide notice of the claim to which the defendants are entitled under that rule. Plaintiff offers no factual connection

between any alleged wrongdoing and the specific defendants. No defendant in this action could be expected to prepare a defense based on Plaintiff's vague and ambiguous allegations. Nor is the court able to discern any factual allegations that would plausibly entitle Plaintiff to relief. There is no logical construction of Plaintiff's complaint from which to discern any cognizable claim. As such, Plaintiff's claims against both defendants are dismissed for failure to state a claim upon which relief can be granted.

*2. Other Arguments in Motion to Dismiss*

Defendants also argue that, to the extent Plaintiff intends to assert a claim against Defendant Deeny for statements or actions in connection with the arbitration proceedings, Plaintiff's claims against Defendant Deeny should be dismissed because he is immune from liability under the absolute litigation privilege. (Mot. at 4–5.) The court declines to address this argument, as even construing the allegations in the light most favorable to the plaintiff, *Hall*, 935 F.2d at 1198, Plaintiff does not state such a claim.

Next, Defendants argue that, to the extent Plaintiff's complaint can be construed to be an action to vacate, modify, or correct the arbitrator's decision, it is time barred pursuant to Colorado's ninety-day limitation period for moving to vacate an arbitrator's award. (Mot. at 6 [citing Colo. Rev. Stat. § 13-22-223(2)].) Again, the court declines to address this argument, as Plaintiff has not stated such a claim.[1] 935 F.2d at 1198.

Finally, Defendants argue that, to the extent Plaintiff's complaint can be construed to be an action to enforce the arbitrator's award, the complaint is subject to the mandatory grievance

---

[1] In Plaintiff's response to the motion to dismiss, Plaintiff clarifies that he is asserting, in part, a claim that Defendant King Soopers incorrectly calculated the amount of back wages that the arbitrator awarded (*see* Resp. at 1.)

5

procedures outlined in the Collective Bargaining Agreement ("CBA"). (Mot. at 6–9.) In support of this argument, Defendants attach a copy of the CBA in this matter and urge the court to consider the CBA. (*See* Mot. at 2 n.1.) In considering a motion to dismiss pursuant to rule 12(b)(6), it is improper for the court to consider materials from outside of the pleadings. To consider such evidence, the court must convert the motion to dismiss into a motion for summary judgment. *See Christensen v. Big Horn Cnty. Bd. of Cnty. Comm'rs*, 374 F. App'x 821, 826 (10th Cir. 2010)(stating "the conversion process and notice requirement are not triggered by the mere presence of outside materials, but by the court's reliance on such materials—which are inapposite to a proper Rule 12(b)(6) disposition."). However, if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381 (10th Cir. 1997); *see also Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994)(noting that documents are not "outside the pleadings" if they are "referred to in the plaintiff's complaint and are central to his claim"). It is within the court's discretion to consider such materials if a defendant attaches to a Rule 12(b)(6) motion materials referred to by the plaintiff and central to the relevant claim. *Prager v. LaFaver*, 180 F.3d 1185, 1189 (10th Cir. 1999).

      The court finds the CBA is not central to Plaintiff's claim that he has not been paid the amount due under the arbitration award. Therefore, the court declines to consider the CBA. Additionally, because the court has found that Plaintiff has failed to meet the minimal pleading requirements, it also declines to convert Defendants' motion into one for summary judgment.

Nevertheless, as explained above, Plaintiff's complaint properly is dismissed for failure to state a claim because Plaintiff has failed to meet the pleading requirements.

### 3.     *Opportunity to Amend Complaint*

"Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999).  Therefore, Plaintiff will be given an opportunity to file an amended complaint that is in keeping with Rule 8.  *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  Plaintiff also is instructed to assert his claims on a Court-approved form and to state his claims in a short and concise manner.

**WHEREFORE**, for the foregoing reasons, it is

**ORDERED** "Defendants' Amended Motion to Dismiss for Failure to State a Claim" (Doc. No. 9) is **GRANTED**.  It is further

**ORDERED** that within thirty days from the date of this Order Plaintiff shall file an amended complaint that complies with this Order, the Federal Rules of Civil Procedure, and this Court's Local Rules of Practice.  The Clerk of Court is directed to send Plaintiff a copy of the Court-approved Complaint form.  It is further

**ORDERED** that if Plaintiff fails to file an amended complaint that complies with this Order, the Federal Rules of Civil Procedure, and this Court's Local Rules of Practice, within the time allowed, the court will dismiss this action with prejudice and enter judgment in favor of the defendants.

Dated this 24th day of June, 2014.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge