IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–00773–KMT

ANTHONY L. GONZALEZ,

    Plaintiff,

v.

KING SOOPERS/KROGER CORP.,
KING SOOOPERS STORE #76,
KEVIN KEELY – KING SOOOPERS REPRESENTATIVE,
STEPHANY BOOKNIGH – KING SOOPERS REPRESENTATIVE KROGER INC.-DILLONS CO.,

    Defendants.

## ORDER

This matter is before the court on "Defendants' Motion to Dismiss Plaintiff's Amended Complaint" (Doc. No. 21 [Mot.], filed August 7, 2014).  Plaintiff did not file a response.  The motion is ripe for ruling.

### BACKGROUND

Plaintiff filed his "Notice, Claim and Summons to Appear for Trial" in Small Claims Court in El Paso County, Colorado.  (Doc. No. 4 [Compl.].)  Defendants removed the case to this Court on March 14, 2014, pursuant to 28 U.S.C. § 1331.  (*See* Doc. No. 1.)  In his original Complaint, Plaintiff named King Soopers and Raymond M. Deeny as Defendants.  (Doc. No. 4.)  On March 27, 2014, Defendants King Soopers and Deeny moved to dismiss Plaintiff's Complaint for failure to state a claim.  (Doc. No. 9.)  On June 24, 2014, this court entered an

Order granting the motion to dismiss and dismissing Plaintiff's Complaint without prejudice for failure to comply with the Fed. R. Civ. P. 8(a) pleadings requirements. (*See* Doc. No. 18.) The court further ordered Plaintiff to file an amended complaint within thirty days from the date of its Order. (*Id.* at 7.)

On July 22, 2014, Plaintiff filed an Amended Complaint. (*See* Doc. No. 20 [Am. Compl.].) In his Amended Complaint, Plaintiff asserts claims against King Soopers; King Soopers Store #76; Kevin Kelly, the store manager; and Stephany Booknight, the Human Resources representative. (*See* Am. Compl. at 1, 4.)

## STATEMENT OF THE CASE

Plaintiff's Amended Complaint is not a model of clarity. Plaintiff alleges King Soopers "refused & disobeyed" contractual policies with Local #7 Union, as well as state and federal employment laws. (Am. Coml. at 1.) Plaintiff alleges he was terminated after filing a complaint against a fellow employee and after taking time off work for surgery. (*Id.* at 2.) Plaintiff states his termination was arbitrated twice over a four-year period. (*Id.*) After arbitration, Plaintiff was awarded eighty days' pay. (*Id.*) Plaintiff alleges King Soopers miscalculated the amount owed to him and "decided to issue only a partial payment." (*Id.*)

Plaintiff asserts three claims for relief. In his First Claim for Relief, it appears Plaintiff alleges that Defendants owe $2,665.60, plus interest, from the arbitration award. (*See id.* at 6-7.) In his Second Claim for Relief, Plaintiff alleges he was unlawfully terminated. (*See id.* at 14.) In his Third Claim for Relief, Plaintiff alleges Defendants "[r]efused to recognize [Plaintiff] was under Doctors['] supervision and violated [his] civil rights." (*See id.* at 30.)

**STANDARD OF REVIEW**

*1.* **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

*2.* *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally

sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

4

elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Iqbal*,129 S. Ct. at 1949 (citation omitted).

## ANALYSIS

Plaintiff's Amended Complaint against the defendants is subject to dismissal for failure to state a claim upon which relief may be granted. Plaintiff's *pro se* status does not excuse him from complying with the fundamental requirements of the Federal Rules of Civil Procedure. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994). Federal Rule of Procedure 8(a) requires that a pleading set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." This requirement serves two purposes: it informs defendants of the claims asserted so that they may respond to the complaint, and it "appris[es] the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief." *Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989).

Just as with Plaintiff's original Complaint, his Amended Complaint fails to meet even the minimal standards of notice pleading set out in Rule 8(a) because it fails to provide notice of the claim to which the defendants are entitled under that rule. Plaintiff offers no factual connection between any alleged wrongdoing and the specific defendants. No defendant in this action could be expected to prepare a defense based on Plaintiff's vague and ambiguous allegations. Nor is the court able to discern any factual allegations that would plausibly entitle Plaintiff to relief.

Instead, there is no logical construction of Plaintiff's Complaint from which to discern any cognizable claim.  Therefore, the motion to dismiss is granted.

The court recognizes that "[d]ismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999).  Upon review of Plaintiff's Amended Complaint, it now is obvious it would be futile to allow him another opportunity to amend.

**WHEREFORE**, for the foregoing reasons, it is

**ORDERED** that the "Defendants' Motion to Dismiss Plaintiff's Amended Complaint" (Doc. No. 21) be **GRANTED.**

**ORDERED** that judgment shall enter in favor of the defendants and against the plaintiff on all claims for relief and causes of action asserted in this case.  It is further

**ORDERED** that the defendants are awarded their costs to be taxed by the Clerk of Court in the time and manner prescribed by Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated this 10th day of October, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge